1
2                           UNITED STATES DISTRICT COURT
3                          NORTHERN DISTRICT OF CALIFORNIA
4                                   OAKLAND DIVISION
5

| | |
|---|---|
| 6  DAVID MORGENSTEIN, individually and on behalf of all others similarly situated. | Case No. CV 09-3173 SBA |
| 7                          Plaintiff, | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT AT&T MOBILITY LLC'S ADMINISTRATIVE MOTION TO STAY ITS OBLIGATIONS UNDER THE COURT'S INITIAL SCHEDULING ORDER AND PLAINTIFF'S MOTION TO STRIKE PENDING RESOLUTION OF ITS ANTICIPATED MOTION TO COMPEL ARBITRATION OR, AT MINIMUM, UNTIL THE COURT ACTS ON PLAINTIFF'S MOTION TO REMAND THE ACTION TO STATE COURT** |
| 8                          v. | |
| 9  AT&T MOBILITY LLC, a Delaware corporation, and DOES 1 – 50, inclusive. | |
| 10 | |
| 11                          Defendant. | |
| 12 | |
| 13 | |
| 14 | **[DOCKET NOS. 15 & 24]** |

16      This matter comes before the Court upon the motion of Defendant AT&T Mobility LLC

17 ("AT&T"), pursuant to Civil L.R. 7-11. Defendant requests a stay of obligations imposed under

18 this Court's Initial Scheduling Order and Plaintiff's Motion to Strike that is currently set to be heard

19 before this Court on October 6, 2009.

20      Upon all of the files and pleadings properly submitted, and for the reasons set forth below,

21 IT IS HEREBY ORDERED that Defendant AT&T's motion is DENIED IN PART and

22 GRANTED IN PART.

23      In this action, Plaintiff David Morgenstein seeks to represent a class of California retail

24 consumers of AT&T Mobility who purchased a product bundle consisting of a new AT&T cellular

25 telephone service account and a new AT&T-compatible cellular telephone, and who paid monthly

rate plan charges for service during any period prior to receiving their AT&T-compatible phone. [Complaint ¶ 26].

Plaintiff originally filed his Complaint in California Superior Court on June 11, 2009. On June 12, 2009, the Complaint was served upon Defendant AT&T. About a month later, on July 10, 2009, Defendant AT&T served and filed its Answer in California Superior Court. On July 13, 2009, Defendant AT&T filed a Notice of Removal of this action, but did not file a motion to compel arbitration. By July 30, Plaintiff notified AT&T of its intent to move to strike AT&T's answer and move to remand the action. On August 3, 2009, Plaintiff filed a Motion for Remand and a Motion to Strike Portions of Defendant's Answer, both of which are set for hearing by this Court on October 6, 2009. On August 31—80 days after receiving service of the summons and complaint—Defendant AT&T filed a motion pursuant to Local Rule 7-11 to stay all proceedings in this action pending determination of two appeals in the Ninth Circuit Court of Appeals, or pending the determination of a motion it "anticipates" filing after the October 6, 2009 hearing. The parties stipulated to continue the dates set by the Court's Order Setting Case Management Conference and ADR Deadlines by thirty (30) days.

By its terms, Local Rule 7-11 is reserved for motions with respect to:

> [M]iscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

A motion to stay all litigation proceedings is not an "administrative matter" suitable for expedited and summary disposition pursuant to Local Rule 7-11. *See Omoregie v. Boardwalk Auto Center, Inc*., No. C 07-3884 (PJH), 2008 WL 4792643 (N.D. Cal. Oct. 31, 2008) (Hamilton, J.), Slip Op. at *1:

> Civil Local Rule 7-11, which is meant to cover requests for relief in connection with "miscellaneous administrative matters"—such as motions to exceed otherwise applicable page limitations or motions to file documents under seal—is not the appropriate vehicle by

2

which to request a stay of all litigation proceedings. Rather, plaintiff should have filed a properly noticed motion pursuant to Civil Local Rule 7-1 et seq. and the 35 day briefing schedule set forth therein, in order to provide all affected parties with the opportunity to be fully heard on the matter.

*See also Dister v. Apple-Bay East, Inc.*, No. C 07-01377 (SBA), 2007 WL 4045429 (N.D. Cal. Nov. 15, 2007) (Armstrong, J.), Slip Op. at *4 (footnotes omitted):

> In *Advanced Internet Tech, Inc. v. Google Inc.*, WL 889477 (N.D. Cal. 2006) (Whyte, J.)], the Court noted that "[a] request for a stay in a putative class action is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. [7-11]." *Id.* at *1. . . . The plaintiff offers no authority to support his use of Local Rule 7-11 as a device to speed up the briefing schedule for a motion to stay based upon the need to preserve "time and resources." Whether credible or not, such use of Local Rule 7-11 by the plaintiff still fails to explain why he did not file a motion to stay sometime in September of 2007, after learning about the granting of the Soualian appeal. Instead, he decided to wait and file his administrative motion on October 29, 2007, some two weeks after filing his motion for certification and well into the discovery process.

Defendant AT&T's request for a stay of the instant class action "is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. 7-11." Here, Defendant AT&T has offered no explanation for its failure to file an appropriate motion for a stay when it filed its answer on July 10, when it filed its removal papers on July 13, when it received notice on July 30 of Plaintiff's intent to move to strike its answer and move to remand, when it received Plaintiff's remand motion and motion to strike on August 3, 2009, or at any other time prior to August 31, 2009.

Additionally, Defendant AT&T requests a stay of these proceedings based upon its asserted *intention* to file a motion to compel arbitration in the future. As this Court stated in *Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643, at *1 (Hamilton, J.):

> [T]he court will not grant the extraordinary relief requested by plaintiff here, based on a ***non-existent motion*** whose impact on the litigation cannot yet be determined. If plaintiff wishes the court to consider his motion […] as grounds for a stay of this litigation, the motion […] must be filed with the court.

*Id.* (emphasis supplied).

3

Moreover, Defendant's request that the Court indefinitely stay the proceedings pending the Ninth Circuit's resolution of *Laster v. AT&T Mobility LLC*, No. 08-56394, and *Kaltwasser v. Cingular Wireless LLC*, No. 08-15962, because the rulings could "potentially" be dispositive in the present case is unpersuasive. [Mot. to Stay at ¶ 5]. *See Dister v. Apple-Bay East, Inc*., 2007 WL 4045429, at *5 (a stay pending the resolution of an appeal in another case should be denied where it is speculative what effect, if any, the decision on appeal in the other case will have and because even if such effect were clear, "only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." (internal citation and brackets omitted)).

The Court directs Defendant to Civil L.R. 7-11 that prohibits a Reply in Administrative Motions.

IT IS HEREBY ORDERED THAT:

1. Defendant's Administrative Motion to stay its obligations is DENIED; and
2. Plaintiff's Amended Motion to Strike Defendant's Replies (Docket Nos. 19 and 23) is GRANTED.

IT IS SO ORDERED.

Dated: 9/16/09

                                              Saundra Brown Armstrong
                                              United States District Judge