| | |
|---|---|
| 1 | MAYER BROWN LLP |
| 2 | DONALD M. FALK (SBN 150256) |
|   | dfalk@mayerbrown.com |
| 3 | RENA CHNG (SBN 209665) |
|   | rchng@mayerbrown.com |
| 4 | J. JOANN LIAO (SBN 227329) |
|   | jliao@mayerbrown.com |
| 5 | Two Palo Alto Square, Suite 300 |
|   | 3000 El Camino Real |
| 6 | Palo Alto, CA 94306-2112 |
|   | Telephone: (650) 331-2000 |
| 7 | Facsimile:  (650) 331-2060 |

JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Defendant
AT&T Mobility LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT
# OAKLAND DIVISION

| | |
|---|---|
| DAVID MORGENSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 09-cv-03173 SBA<br><br>**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |

STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. 09-CV-03173 SBA

Plaintiff David Morgenstein ("Morgenstein") and Defendant AT&T Mobility LLC ("ATTM"), by and through their counsel of record, hereby stipulate that:

1. Morgenstein filed the above-captioned putative class-action against ATTM on June 11, 2009;

2. Morgenstein alleges that, on March 20, 2009, he purchased online from Amazon new ATTM wireless service bundled with a new ATTM-compatible Blackberry, and further alleges that, although he did not receive his Blackberry until March 27, 2009, ATTM began charging him for service on March 23, 2009;

3. Morgenstein alleges that ATTM did not adequately disclose that it could or would charge customers who ordered new ATTM wireless service bundled with new ATTM-compatible devices online for service before they received their devices, which Plaintiff defines as "en-route charges";

4. On behalf of himself and a putative class of California customers who purchased new ATTM wireless service bundled with new ATTM-compatible devices and paid en-route charges, Morgenstein brought claims for breach of contract, violations of Public Utilities Code section 2890 and Consumer Legal Remedies Act (Civ. Code section 1750 et seq.), unfair competition (Bus. & Prof. Code section 17200 et seq.), false advertising (Bus. & Prof. Code section 17500 et seq.), unjust enrichment, and declaratory judgment;

5. ATTM maintains that its disclosures make clear that service charges begin upon activation, disputes that it did not adequately disclose the possibility that customers could or would be charged en-route charges, and disputes that it has any liability to Morgenstein or any putative class member in connection with the matters alleged in the Complaint;

6. The parties agree to settle the above-captioned action on an individual basis;

7. The parties agree that the insertion of the following provision, or language that has the effect of the following provision, in the Terms of Service in ATTM's Customer Service Agreements with customers who purchase new ATTM wireless service bundled with new ATTM-compatible devices constitutes an adequate disclosure to customers regarding en-route

-3-

charges: "Depending upon a number of factors (including your chosen method of shipment and the timing of shipment), you may be charged for service before you receive your new device;"

8. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Morgenstein dismisses his individual claims against ATTM with prejudice; and

9. Each party shall bear its own costs and fees

IT IS SO STIPULATED.

Dated: March 30, 2010                    Nassiri & Jung LLP

                                         By:    /s/  Kassra Nassiri
                                                Kassra Nassiri

                                         Attorneys for Plaintiff David Morgenstein

Dated: March 30, 2010                    Mayer Brown LLP

                                         By:    /s/   John Nadolenco
                                                John Nadolenco

                                         Attorneys for Defendant AT&T Mobility LLC

*Filer's Attestation: Pursuant to General Order No. 45, I, Rena Chng, attest that I obtained concurrence in the filing of this document from the signatories.*

1 **[PROPOSED] ORDER**

2   Plaintiff claims, *inter alia*, that ATTM failed to properly disclose that customers who
3 purchased ATTM service and devices online might be subject to "en-route charges," as defined
4 above.  ATTM maintains that its disclosures are adequate.  The parties agree that the following
5 provision added to ATTM's Terms of Service in its Customer Service Agreements, or language
6 that has the effect of the following provision, constitutes an adequate disclosure about the
7 potential for en-route charges: "Depending upon a number of factors (including chosen method
8 of shipment and shipment timing), you may be charged for service before you receive your new
9 device." ATTM is ordered to make this change to its Customer Service Agreements within 180
10 days of entry of this order.  Pursuant to stipulation and for good cause shown, Morgenstein's
11 individual claims against ATTM are dismissed with prejudice.

13   IT IS SO ORDERED.

16 Dated: 3/31/10                                     _____
17                                                    The Honorable Saundra B. Armstrong
                                                     United States District Judge